### (84 South. 657)

### No. 23538.

### BIANCHI v. BOARD OF COM'RS OF PORT OF NEW ORLEANS.

### (May 3, 1920.)

*(Syllabus by Editorial Staff.)*

**Master and servant ⚖️405(6)—Evidence held to show that employé, suing for compensation, had recovered.**

In action under Employers' Liability Act by employé, who had received compensation while he was out of work because of injury, and who had returned to work and had been thereafter discharged, evidence *held* to sustain finding that employé had regained his capacity for work before being discharged.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by Charles Bianchi against the Board of Commissioners of the Port of New Orleans. Judgment for defendant, and plaintiff appeals. Affirmed.

James J. McLoughlin, of New Orleans, for appellant.

James Wilkinson, of New Orleans, for appellee.

O'NIELL, J. Plaintiff appeals from a judgment rejecting his demand for compensation under the Employers' Liability Act (Laws 1914, p. 44). He sprained his back, or suffered what the doctors call a subluxation of the spine, while working as a carpenter for the defendant board. The injury did not compel him to quit work until four days after the occurrence. He was then attended by defendant's physician, and later by his own physician, and, on the advice of defendant's physician, was put on the compensation roll. He received compensation for five weeks, $15 for the first week and $10 a week for four weeks. At the end of the five weeks he applied to defendant's physician for a certificate with which he might return to work. When he applied for re-employment, he stated that he was not yet able to do hard work, and was therefore given a position as watchman. At the end of three weeks he was discharged. It appears that there was cause for his discharge, and that it had no relation to his physical condition. He applied, then, to be re-employed as a carpenter, and was tendered employment; but, because of a disagreement as to the wages he demanded, he declined to return to work. Thereafter, he made application to defendant's physician to be reinstated on the compensation roll, and, on the doctor's refusal to issue the certificate, he brought this suit.

The district judge, in his reasons for judgment, states that he was convinced by the testimony that plaintiff had regained his capacity for work before he was discharged from the position of watchman. Having carefully read the testimony, we concur in the judge's conclusion of fact. It would serve no good purpose to print a review of the evidence, consisting of the testimony of X-ray

experts, as well as of a layman who testified that he saw the man do hard work after he was discharged from the position of watchman.

The judgment appealed from is affirmed.